**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

DAMIEN D. PUGH,

     Plaintiff - Appellant,

v.

OKLAHOMA CITY RESCUE MISSION;
OKLAHOMA EMPLOYMENT
SECURITY COMMISSION,

     Defendants - Appellees.

No. 24-6220
(D.C. No. 5:24-CV-00530-R)
(W.D. Okla.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
———————————————————

Damien Pugh claims that he was fired from his job and denied unemployment

benefits because of wrongful allegations that he sexually harassed a coworker. Pugh

filed his complaint in the Western District of Oklahoma, but because he never

produced evidence that he properly served the defendants in question, the district

court dismissed the case without prejudice. On appeal, Pugh argues that the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendants were served and "[b]ecause this case was transferred" he was unsure if the defendants needed "updated servings." *Pugh v. Okla. City Rescue Mission*, No. CIV-24-530, slip op. at 1 (W.D. Okla. Sep. 19, 2024).

We hold that the district court correctly dismissed Pugh's case without prejudice because he did not serve the defendants within ninety days as required by Rule 4(m) of the Federal Rules of Civil Procedure.  Moreover, he did not show cause for his failure to serve the defendants, and he did not request an extension to complete service.

Accordingly, we affirm.

## I.

Pugh claims that he was fired from his job with the Oklahoma City Rescue Mission (the "Mission") because of wrongful allegations that he sexually harassed a coworker.  Furthermore, he alleges that when he applied for unemployment benefits with the Oklahoma Employment Security Commission (the "Commission"), his claim was denied, again because of these accusations.  Pugh filed his complaint in the Western District of Oklahoma against both the Mission and the Commission.  However, because he never produced evidence that he properly served the defendants, the district court dismissed the case without prejudice.

Pugh timely appealed.

2

## II.

### A.

"We review the district court's dismissal for untimely service for an abuse of discretion." *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) (quotation marks omitted) (quoting *Jones v. Frank*, 973 F.2d 872, 872 (10th Cir. 1992)). A district court abuses its discretion when it issues an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999).

Furthermore, Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

### B.

The district court below dismissed this action because Pugh failed to timely serve the defendants within ninety days, as required by Rule 4(m) of the Federal Rules of Civil Procedure. In answer, Pugh filed an untitled document stating that the defendants were, in fact, served "[b]ecause this case was transferred," and so he was unsure if the defendants needed "updated servings." *Pugh*, slip op. at 1. However, the court noted that Pugh did not request an extension of time to complete service or show cause for the failure to timely serve the defendants. As a result, the district

3

court did not believe it was appropriate to grant a mandatory or permissive extension of time.

We agree with the district court's analysis in full, and we find no evidence that it abused its discretion here.

### III.

For the foregoing reasons, we AFFIRM.

Entered for the Court


Allison H. Eid
Circuit Judge